UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARREN P. JAMES, | ) | CASE NO. CV 04-05841 (RZ) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Under the Contract with America Advancement Act, Pub.L. No. 104-121, 110 Stat. 847 (March 29, 1996), an individual "shall not be considered to be disabled for purposes of [benefits under Title II or XVI of the Act] if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). The Administrative Law Judge here found that Plaintiff had two impairments, a bipolar disorder, and polysubstance addiction disorder which, taken together, met the Listing of Impairments and therefore would render Plaintiff disabled. He also found, however, that Plaintiff's alcohol or drug abuse was a material factor contributing to this determination, and therefore that Plaintiff was not entitled to receive benefits by virtue of the Listings. Nor did Plaintiff qualify for disability when the bipolar disorder was considered in isolation from the substance abuse, because Plaintiff retained the residual functional capacity to

perform his prior relevant work and, even if he did not, there were sufficient numbers of jobs in the economy which he was qualified to perform. [AR 14-16]

      Plaintiff asserts that the Administrative Law Judge erred in rejecting the opinion of his treating physician, Kent L. Powell, M.D. Dr. Powell filled out a form, checking boxes indicating that Plaintiff had "marked" limitations in all areas of mental functioning except one, where he had "extreme" limitations. At the top of the form was the instruction "Please make your assessment apart from the effects of drug or alcohol use or abuse." [AR 151-52] The Administrative Law Judge gave this opinion little weight. [AR 13]

      In *Batson v. Commissioner of Social Security Administration*, 359 F.2d 1190 (9th Cir. 2004), the Court of Appeals upheld the Commissioner's decision to reject the treating physician's opinion under the following circumstances:

> The ALJ discounted Dr. Keenen's view because it was in the form of a checklist, did not have supportive objective evidence, was contradicted by other statements and assessments of Batson's medical condition, and was based on Batson's subjective descriptions of pain."

*Id.*, 359 F.3d at 1195 (footnote omitted). Each of the conditions identified in *Batson* was present here. The Administrative Law Judge noted the use of the check-list, and the contrast between the conclusions of the check list and the treatment notes of his social worker/therapist, who worked for the treating physician (which led the Administrative Law Judge to question whether the treating physician was aware of the recent progress notes from the social worker). He also noted that the records showed that Plaintiff's medication helped his bipolar disorder when he was sober, and that the frequent relapses from sobriety hindered the efforts to cope with the bipolar disorder. He referenced the opinions of two consultants, who found Plaintiff to have greater capability. Finally, he noted that Plaintiff's

1  subjective complaints could not be taken at face value. [AR 11-15] As in *Batson*, these
2  were factors which permitted the Administrative Law Judge to reject the opinion of Dr.
3  Powell.

4        Plaintiff also complains that the Administrative Law Judge failed to consider
5  the statements from lay witnesses. The Administrative Law Judge was not required to
6  discuss each piece of evidence. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012
7  (9th Cir. 2003). The lay statements to which Plaintiff refers were consistent with the
8  Administrative Law Judge's finding that Plaintiff was disabled, when his substance abuse
9  and bipolar disorder were considered together. On the other hand, they did not speak to
10 the issue of whether the substance abuse was a material factor to the determination that
11 Plaintiff was disabled. Accordingly, it was not error to refrain from discussing them.
12       The decision of the Commissioner is affirmed.

14     DATED: September __7__, 2005

17                                        /s/
                            RALPH ZAREFSKY
18                     UNITED STATES MAGISTRATE JUDGE